1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11   **SCI CALIFORNIA FUNERAL**          ) CASE NO: CV12-7436 GW (MAN)
     **SERVICES, INC., a California**      )
12   **corporation,**                      ) **PROTECTIVE ORDER ENTERED**
                                           ) **PURSUANT TO THE STIPULATION**
13              **Plaintiff,**             )
                                           )
14        **vs.**                          )
                                           )
15   **WESTCHESTER FIRE**                  )
     **INSURANCE COMPANY.**                )
16                                         )
                **Defendant.**             )
17                                         )
     _____     )
18                                         )
     **AND RELATED CROSS-**               )
19   **ACTIONS.**                          )
     _____     )
20

21
22
23
24
25
26
27
28

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Confidentiality Stipulation and [Proposed Order] ("Stipulation") filed on August 21, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1(b), 4(a), 4(c), 4(d), 5, 7(c), 8(b)(vii), 10(b)(i), 11, 12(b), 16, and 17(b) of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th

1

Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GEORGE H. WU, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## TERMS OF PROTECTIVE ORDER

**1.   PURPOSES AND LIMITATIONS**

(a)   Protected Material (as defined below) designated under the terms of this Protective Order shall be used by a Receiving Party solely in connection with

this case, pending in the United States District Court for the Central District Of California under case number CV12-07436-GW-MAN (the "Coverage Litigation") or attendant reinsurance claim or retrocessional claims, and shall not be used directly or indirectly for any other purpose whatsoever, except as permitted below.

(b)     This Protective Order does not confer blanket protections on all disclosures during discovery.  Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection **pursuant to this Protective Order,** the Producing Party must promptly notify the other Party that it is withdrawing or changing the designation.

**2.    DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or otherwise in this case.

(b)     "Outside Counsel" means:  (i) outside counsel who appear on the pleadings as counsel for a Party; (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and their paralegals and support staff; and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c)     "Party" means any party to this case or its parent or subsidaries or claims organization if involved in this action, including their officers, directors, employees, consultants, retained experts, in-house counsel, outside counsel, and their support staffs.

(d)   "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(e)   "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Protective Order.

(f)   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.   COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in the applicable section of the Federal Rules of Civil Procedure.

**4.   SCOPE**

(a)   The protections conferred by this Protective Order cover not only Discovery Material governed by this Protective Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

(b)   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)   Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with **the** consent of the Producing Party or **pursuant to a subsequent protective order** of the Court.

(d)   This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, **by entry of a protective order** that certain matter not be produced at all.

**5.    DURATION**

Even after the termination of this Coverage Litigation, and unless otherwise indicated in this Protective Order, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing, until the expiration of time limits set out in a Party's internal document retention policies, whichever is shorter, or a **subsequent protective order** from this Court otherwise directs.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    All Protected Material shall be used solely for this Coverage Litigation, any related appellate proceeding, or any attendant reinsurance claim or retrocessional claims, and not for any other purpose whatsoever, including without limitation any other litigation, proceedings, or any business or competitive purpose or function, except as expressly provided herein.  Protected Material shall not voluntarily be distributed, disclosed, or made available to anyone except as expressly provided in this Protective Order.

(b)    The Receiving Parties will make reasonable effects to store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

(c)    Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Coverage Litigation or making a reinsurance claim based in whole or in part upon Protected Materials.

(d)    Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Protective Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party:  (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or

5

provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Protective Order of the Court. Notwithstanding the foregoing, a Producing Party may not disclose its own Protected Material to the extent such Protected Material is also the Protected Material of any other party  (*e.g.*, settlement discussions and agreements containing confidentiality obligations), without the prior written consent of such other party, unless compelled to do so by a Court of competent jurisdiction.

**7.    DESIGNATING PROTECTED MATERIAL**

(a)    Any Producing Party may designate Discovery Material as "CONFIDENTIAL," provided that it meets the requirements for such designations as provided for herein.

(b)    In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL" during the inspection and re-designated, as appropriate during the copying process.

(c)    Parties or testifying persons or entities may designate depositions with the appropriate designation by indicating on the record at the time the **deposition** testimony is given or by sending written notice of how portions of the transcript of the **deposition** are designated within twenty one (21) days of receipt of the transcript of the **deposition**.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the

deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially similar to the following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN
> CASE NO. CV12-07436-GW-MAN.  This videotape
> contains confidential testimony used in this case and is
> not to be viewed or the contents thereof to be displayed
> or revealed, except pursuant to the terms of the operative
> Protective Order in this matter or pursuant to written
> stipulation of the parties **or a further Court Order**.

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that qualifies for protection hereunder.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party or the Receiving Party's Outside Counsel;

(ii)    Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and Court personnel;

(vi)    Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; or an agreement to maintain confidentiality to the same degree as required by this Protective Order;

(vii)    Any mediator, **other than a judge of this Court**,who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(viii)  The Receiving Party's insurers, reinsurers, retrocessionaries, and their auditors or accountants, which shall be informed of this Protective Order and asked to treat the material received accordingly; and

(ix)    Any other person with the prior written consent of the Producing Party or by **p**rotective **o**rder of this Court.

## 9.    DISCLOSURE TO PERMITTED RECIPIENTS

Prior to receiving any Protected Material under this Protective Order, Permitted Recipients identified in 8(b)(iii), (iv), (vi), and (vii) above must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

## 10.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)      A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)      Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should **not** be designated **as Confidential**, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The **Receiving** Party**, who or which challenges the Confidential designaion,** shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)      Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs:  (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the

Court rules that the Discovery Material in question is not entitled to the designation.

**11.   SUBPOENAS OR COURT PROTECTIVE ORDERS**

If during the pendency of this action, Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a Protective Order regarding the production of Protected Materials implicated by the subpoena prior to any production of Protected Materials implicated by the subpoena.  **Nothing in this Protective Order should be construed as authorizing a Party in this action to disobey a lawful directive from another court.**

**12.   FILING PROTECTED MATERIAL**

(a)   Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)   Any document containing Protected Material that is filed in the United States District Court for the Central District of California shall be **presented to** the Court pursuant to **this Protective Order (including its provisions regarding redaction) and** Local Rule 79-5 **with the requisite written application and supporting, competent evidence that establishes the document is, in fact, Confidential and warrants filing under seal.  Any such document shall be presented** in a sealed envelope or other appropriate sealed container marked with the title and docket number of this Coverage Litigation, an identification of the nature of the contents of the sealed envelope or container, and a statement substantially in the following form:

SUBJECT TO PROTECTIVE ORDER ENTERED IN

CASE NO. CV12-07436-GW-MAN.

All documents submitted to any court, other than the United States District Court for the Central District of California that contain, disclose, or discuss Protected Material shall be **presented with an application to file such documents** under seal or in such other manner provided by the procedures of the court where submitted, which preserves the confidentiality of such documents **pending order of that court**.  Nothing in this section shall in any way limit or detract from this Protective Order's requirements.

**13.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a notice and request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a notice and request from any Producing Party who has inadvertently produced Discovery Material that  it believes is privileged and/or protected, each Receiving Party shall immediately return within five (5) days of such notice and request such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Within five (5) days of the Producing Party's notice and request for the return and/or destruction of privileged Discovery Material, the Producing Party shall provide a privilege log with entries for the inadvertently produced

document(s).  The Producing Party shall maintain the referenced document(s) until the Parties resolve any dispute concerning the privileged nature of such documents or the Court rules on any motion to compel production of such documents.  If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the Parties shall meet and confer in good faith in an effort to resolve the dispute.  If the Parties are unable to resolve the dispute, the Receiving Party may file a motion to compel the production of such document(s).  In the event of such a motion to compel, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity.  However, in no case will the return of any demanded document be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to compel, nor may a party assert the fact of the inadvertent production as a ground for any such motion. The Parties further agree that the Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any court filing, unless and until such a motion to compel production of that document is granted by a court, except as such information may appear in any applicable privilege log.

## 14.    INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation,

outside counsel for the Receiving Parties shall destroy all improperly designated Discovery Material in its possession, custody, or control, including by utilizing its best efforts to obtain such materials from the Receiving Party, or others  to whom it provided the improperly designated materials, and destroy them.

(b)     A Receiving Party shall not be in breach of this Protective Order **by** any use of such Discovery Material before the Receiving Party receives the notice described in Paragraph 14(a).

## 15.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY PROTECTIVE ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## 16.     FINAL DISPOSITION

Not later than ninety (90) days after the Final Disposition of this Coverage Litigation, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Discovery Material, at the option of the Producing Party, or otherwise treat the documents

consistent with the Party's document retention policies.  For purposes of this Protective Order, "Final Disposition" occurs after any **judgment,** mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

**17.    MISCELLANEOUS**

(a)    Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.  By **having stipulated to entry of** this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.

(c)    This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over **whom or** which they have direct control.

(d)    By **having stipulted** to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.  This Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal

14

standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     This Protective Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Protective Order *sua sponte* in the interests of justice.  The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.

(g)     Nothing herein shall alter or change in any way the discovery provisions of the F.R.C.P., the Local Rules for the United States District Court for the Central District of California, or the Court's own **p**rotective **o**rders. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the F.R.C.P., the Local Rules for the United States District Court for the Central District of California, or the Court's own **p**rotective **o**rders.

///
///
///
///
///
///
///

1        (h)    Except as otherwise set forth in this paragraph, this Protective Order

2   supersedes any **p**rotective **o**rders referenced by the Parties as applying to material

3   disclosed before the entry of this Protective Order.  Any discovery material

4   disclosed by any Party before the entry of this Protective Order shall retain

5   whatever confidentiality designation it originally bore, and if it was disclosed at a

6   time prior to the existence of any **p**rotective **o**rder, its designation shall be as so

7   designated by the Producing Party.

8

9   **IT IS SO ORDERED.**

10

11   DATED:  October 8, 2013

                                _Margaret A. Nagle_

12                                   _____

13                                    MARGARET A. NAGLE

                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Protective Order") in *SCI California Funeral Services, Inc. v. Westchester Fire Insurance Company*, pending in the United States District Court for the Central District Of California under case number CV12-07436-GW-MAN.  Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Protective Order.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct.  Executed this ___ day of _____, 201__, at _____.

Signature: _____

_____
Name of individual

_____
Present occupation/job description

_____
Name of Company or Firm

_____

_____
Address

_____
Telephone Number

1